IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01752-PSF-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$22,200.00 IN UNITED STATES CURRENCY,

    Defendant.

---

**RECOMMENDATION ON OSCAR BEKER PALIAN-AZABAMABA'S (SON) MOTION TO SET ASIDE ENTRY OF DEFAULT (DOCKET NO. 18 AND 21)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

    This matter was before the court on March 20, 2007, for hearing on Oscar Beker Palian-Azabamaba's (son) Motion to Set Aside Entry of Default (docket nos. 18 and 21). The court has reviewed the motion and response (docket no. 24). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

    The court finds:

        1.    That it has jurisdiction over the subject matter and over the parties to this lawsuit;

        2.    That venue is proper in the state and District of Colorado;

3. That Plaintiff USA and potential claimant Oscar Beker Palian-Azabamba (Jr.) have both been given a fair and adequate opportunity to be heard;

4. That neither Plaintiff USA nor potential claimant Oscar Beker Palian-Azabamba (Jr.) presented any evidence during this hearing in support or in opposition to Oscar Beker Palian-Azabamaba's (son) Motion to Set Aside Entry of Default (docket nos. 18 and 21).

5. That statements from counsel are not evidence;

6. That Plaintiff USA commenced this action *in rem* pursuant to 18 U.S.C. §§ 981, 1956, and 1961 on September 5, 2006, by filing the Complaint (docket no. 1);

7. That an Order for Warrant was issued by Magistrate Judge Watanabe on September 11, 2006, for the $22,200.00 in United States currency (docket no. 3);

8. That on September 26 and October 3, 10, and 17, 2006, publication took place in The Daily Journal (docket nos. 11 and 14);

9. That on November 9, 2006, AUSA James S. Russell mailed to Ari Gould, Esquire, who is counsel for potential claimant Oscar Beker Palian-Azabamba (Jr.), the following: (1) Verified Complaint for Forfeiture *In Rem*; (2) Order for Warrant and Summons for Arrest of Property *In Rem*; (3) Warrant and Summons for Arrest of

Property In Rem; and (4) Notice of Arrest and Procedures, and Instructions Regarding Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction (docket no. 10);

10. That all known interested parties have been provided an opportunity to respond and that publication has been effected as required by Supplemental Rule C(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims;

11. That after notice both by publication and actual notice (docket no. 10), potential claimant Oscar Beker Palian-Azabamba (Jr.) has not filed any Verified Statement of Interest/Claim, Answer, or other responsive pleading as required by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims;

12. That after notice, there have been no Verified Statements of Interest/Claims, Answers, or other responsive pleadings filed in this matter by anyone else as required by Rule C(6) of the Supplemental Rules of Certain Admiralty and Maritime Claims;

13. That default was entered by the Clerk of Court on January 8, 2007 (docket no. 14);

14. Rule 55(c) of the Federal Rules of Civil Procedure provides in relevant part that "[f]or good cause shown the court may set aside an entry of default . . . ." Fed. R. Civ. P. 55(c). "The principal factors in determining whether a defendant has met the good

       cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." Schupper v. Edie, 2007 WL 45990 (D. Colo. Jan. 5, 2007) (quoting Hunt v. Ford Motor Co., 1995 WL 523646 (10th Cir. Aug. 29, 1995)). The court need not consider all of these factors, and the court may consider other factors. Id. "Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default." Id.

15. Here, Oscar Beker Palian-Azabamba (Jr.), who is not the defendant in this action but is at best a potential intervening claimant, has not shown good cause for failing to file a Verified Statement of Interest/Claim, Answer, or other responsive pleading. Back on November 9, 2006, AUSA Russell provided Oscar Beker Palian-Azabamba's counsel with copies of pertinent filings which provided actual notice of this matter and reminded him of the time limits. Furthermore, AUSA Russell subsequently gave Oscar Beker Palian-Azabamba's counsel an extension of time to December 26, 2006, for responses to Interrogatories and the Verified Statement, yet Oscar Beker Palian-Azabamba's counsel failed to submit responses to Interrogatories, a Verified Statement,

5

an Answer, or other documents, nor did he seek a further extension of time.  There is no indication that the government encouraged the delay or misled counsel about the deadline.  AUSA Russell then waited until January 5, 2007, to seek entry of default (Docket No. 12).  While counsel for Oscar Beker Palian-Azabama entered his appearance, moved to set aside the entry of default, and responded to the motion for default judgment one week later on January 12, 2007 (Docket Nos. 17 and 18), he still has yet to file a Verified Statement of Interest/Claim, Answer, response to Interrogatories, or other responsive pleading.  See United States v. 2687 S. Deframe Circle, Lakewood, Co., 208 F.3d 228 (Table) (10th Cir. 2000) (It is not an abuse of discretion for the court to require strict compliance with Supplemental Rule C(6)).

16. That Oscar Beker Palian-Azabama has not presented a meritorious defendant to the forfeiture.  His counsel's statements are not evidence.  See United States v. 2687 S. Deframe Circle, Lakewood, Co., 208 F.3d 228 (Table) (10th Cir. 2000) (citing One 1978 Piper Navajo PA-31 Aircraft, 748 F.2d 316, 319 (5th Cir. 1984) (finding conclusory allegations of a meritorious defense insufficient to excuse failure to comply with procedural rules governing forfeiture)).

6

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **RECOMMENDS**:

1. That Oscar Beker Palian-Azabamaba's (son) Motion to Set Aside Entry of Default (docket nos. 18 and 21) be **DENIED**;

2. That Oscar Beker Palian-Azabamaba's (son) and the Plaintiff USA pay their own attorney fees and costs for this motion; and,

3. That District Judge Phillip S. Figa rule on Plaintiff USA's Motion for Default Judgment and Final Order of Forfeiture (docket no. 15).

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of**

**Corrections**, 183 F.3d 1205, 1210 (10th Cir. 1999); **Talley v. Hesse**, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Done this 20th day of March 2007.

                                              BY THE COURT

                                              s/ Michael J. Watanabe
                                              Michael J. Watanabe
                                              United States Magistrate Judge